UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE OHIO CASUALTY INSURANCE COMPANY

                      Plaintiff,

            -against-

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,
MERCHANTS INSURANCE GROUP,
THE STATE INSURANCE FUND and
FAMILY SERVICES SOCIETY OF YONKERS
AS TEMPORARY GUARDIAN OF THE PROPERTY
OF GEORGE MICHAEL PETRIE

                      Defendants.
-----------------------------------------------------------------X

Docket No. 7172

DECLARATORY
JUDGMENT COMPLAINT



RECEIVED
AUG 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendants, alleges, upon information and belief, as follows:

## PARTIES

        1.     Ohio Casualty is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

        2.     Upon information and belief, and at all times relevant, defendant National Fire and Marine Insurance Company ("National Fire") was and still is an insurance company organized and existing under the laws of the State of Nebraska, with its principal place of business in Nebraska.

3.  Upon information and belief, and at all times relevant, defendant The State Insurance Fund ("SIF") is a legal entity organized and existing under the laws of the State of New York, with its principal place of business in New York.

4.  Upon information and belief, and at all times relevant, defendant Merchants Insurance Group ("Merchants") is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York.

5.  Upon information and belief, and at all times relevant, defendant Family Services of Yonkers as Temporary Guardian of the Property of Michael Petrie ("Petrie") is a legal entity organized and existing by the virtue of the laws of the State of New York.

## JURISDICTION

6.  This action is brought pursuant to 28 U.S.C. §§1332, 2201 and 2202, on common law, and seeks declaratory relief.

## INSURANCE COVERAGE

7.  Travelers Property and Casualty Company of America ("Travelers") issued a Commercial General Liability policy to Northbrook Contracting Corp. ("Northbrook"), bearing Policy No. DT-CO-7569A315-TIL-04, for the policy period May 23, 2004 to May 23, 2005, with limits of liability of $1 million per occurrence and $2 million in the aggregate.

8. Ohio Casualty issued an Excess Liability policy to Northbrook, bearing Policy No. EXO (05) 53 09 16 76, for the period May 23, 2004 to May 23, 2005, with a $5 million policy limit.

9. National Fire issued a Commercial General Liability policy to Bortech Company, Inc. ("Bortech"), bearing Policy No. 72LPE693650, for the policy period February 26, 2004 to February 26, 2005, with limits of liability of $1 million per occurrence and $2 million in the aggregate.

10. Upon information and belief, SIF issued a Workers Compensation and Employers Liability policy to Bortech, bearing Policy No. G13808308, for the policy period February 26, 2004 to February 26, 2005, with a stated $100,000 limit for Employers Liability claims.

11. Merchants issued a Commercial Umbrella policy to Bortech, bearing Policy No. CUP9135155, for the policy period June 24, 2004 to June 24, 2005, with a stated $5 million policy limit.

12. The National Fire policy (Bortech's primary liability policy) includes an Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization Endorsement, which provides:

> A. Who Is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:
>
> > (1) [Bortech's] ongoing operations performed for the additional insured(s) at the location designated above, or
> >
> > (2) acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

B. With respect to the insurance afforded these additional insureds, the following additional provisions apply:

\* \* \*

2. Additional Exclusions. This insurance does not apply to:

\* \* \*

c. "Bodily injury" arising out of any act or omission of the additional insured(s) or any of their "employees", other than the general supervision by the additional insured(s) of [Bortech's] operations performed for the additional insured(s).

\* \* \*

13. The National Fire policy includes a Contractual Liability Exclusion and related Contractual Liability Limitation Endorsement which redefines "insured contract," pursuant to which National Fire disclaimed coverage for any liability Bortech may have assumed under its contract with Northbrook.

14. The National Fire policy also includes an Other Insurance Endorsement, pursuant to which National Fire claims its coverage is excess over any other available coverage, which provides as follows:

> COMMERCIAL GENERAL LIABILITY COVERAGE FOR SECTION IV – Commercial General Liability Conditions – 4. Other Insurance is replaced with the following:
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, or on any other basis; unless the other insurance is issued to the Named Insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of the Coverage Part.

  b. When this insurance is excess, we will have no duty under Coverage A or Coverage B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no insurer defends we will undertake to do so, but the insured's rights against all those other insurers who have a duty to defend the insured are transferred to us. The insured must do nothing to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

  c. When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (2) The total of all deductible and self-insured amounts under all that other insurance.

    \* \* \*

15. The Other Insurance provision of the Travelers policy (Northbrook's primary liability policy) provides, in pertinent part, as follows:

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:
>
>   \* \* \*
>
> b. Excess Insurance
>
>  This insurance is excess over:
>
>   \* \* \*

(2) Any other primary insurance available to [Northbrook] covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

\* \* \*

16. The Other Insurance provision of the Ohio Casualty policy (Northbrook's Excess Liability policy) provides, in pertinent part:

SECTION IV - CONDITIONS

\* \* \*

I. Other Insurance

If other insurance applies to a "loss" that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

Other insurance includes any type of self-insurance or other mechanism by which an insured arranges for funding of legal liabilities.

\* \* \*

17. The Other Insurance provision of the Merchants policy (Bortech's Commercial Umbrella policy) provides, in pertinent part, as follows:

SECTION IV - CONDITIONS

\* \* \*

5. Other Insurance

   a. This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

      When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

   b. When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:

      (1) The total amount that all such other insurance would pay for the loss in absence of this insurance; and

      (2) The total of all deductible and self-insured amounts under all that other insurance.

\* \* \*

18. The Merchants policy provides that it will "pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit'..." "Retained limit" is defined as the "available limits of the 'underlying insurance' scheduled in the declarations..." "Underlying insurance" is defined as "any policies of insurance listed in the declarations under the schedule of 'underlying insurance.'" The Merchants Schedule

of Underlying Insurance includes the Employers Liability coverage provided by SIF and reflects a limit of $100,000 per accident.

## UNDERLYING FACTS

19. On February 22, 2005, Petrie sustained bodily injuries, from which he passed away on March 15, 2008, when the connection point for a three inch air hose to a drill shaft on a horizontal earth boring machine allegedly broke lose and struck Petrie's head under his hard hat, while working on a construction project along the Hutchison River Parkway.

20. Prior to that time, on or about Octobers 10, 2003, The Church of Jesus Christ of Latter-Day Saints ("the Church"), hired Northbrook to act as the general contractor for the installation of new sanitary sewer line under the Hutchinson River Parkway.

21. On October 6, 2004, Northbrook, in turn, hired Bortech to provide the equipment, material, labor and supervision required to install 175 linear feet of 20 inch diameter steel casing via a jack bore operation.

22. Petrie was a Bortech employee.

23. The October 6, 2004 agreement entered into between Northbrook and Bortech provides that Bortech was required to name Northbrook and the Church as additional insureds on its Commercial General Liability and Commercial Umbrella policies.

24. The Northbrook/Bortech agreement also provides that:

> To the fullest extent permitted by law, [Bortech] shall defend, indemnify and hold harmless [the Church], [Northbrook]...agents and employees of any of them (individually or collectively,

"Indemnitee") from and against all claims, damages, liabilities, losses and expenses...arising out of or in any way connected with the performance or lack of performance of the work under the agreement, provided that any such claim, damage, liability, loss or expense is attributable to bodily injury, sickness, disease or death...and caused in whole or in part by any actual or alleged:

- Act or omission of [Bortech] or anyone directly or indirectly retained or engaged by it or anyone for whose acts it may be liable; or

- Violation of any statutory duty, regulation, ordinance, rule or obligation by an Indemnitee provided that the violation arises out of or is any way connected with [Bortech's] performance or lack of performance of the work under the agreement.

[Bortech's] obligations under this Article shall apply regardless of whether or not any such claim, damage, liability, loss or expense is or may be attributable of the fault or negligence of [Bortech].

In the event that an Indemnitee is determined to be any percent negligent pursuant to any verdict or judgment, then, in addition to the foregoing, [Bortech's] obligation to indemnify the Indemnitee for any amount, payment, judgment, settlement, mediation or arbitration award shall extend only to the percentage of negligence of [Bortech] and anyone directly or indirectly engaged or retained by it and anyone else for whose acts [Bortech] is liable.

* * *

25. On October 25, 2005, Petrie commenced suit, entitled: *"Family Services Society of Yonkers as Temporary Guardian of the Property of George Michael*

*Petrie v. Northbrook Contracting Corp., et al."* (Index No. 19249/05), in the Supreme Court of the State of New York, Westchester County. ("the Underlying Action").

26. On or about December 6, 2005, Petrie filed an Amended Complaint adding the Church and other entities as defendants.

27. On or about January 6, 2006, Northbrook filed a third-party action against Bortech ("the Third Party Action").

28. Travelers (Northbrook's primary liability carrier) is currently defending both the Church and Northbrook in the Underlying Action under its Commercial General Liability policy.

29. National Fire is defending Bortech in the Third Party Action.

30. The Church and Northbrook are additional insureds under the National Fire policy.

31. The additional insured coverage available to the Church and Northbrook under the National Fire policy is primary to any coverage available to these entities under the Travelers or Ohio Casualty policies.

32. Although National Fire is obligated to provide the Church and Northbrook with primary coverage, it has refused to provide the same and has elected to abandon its obligations to the Church and Northbrook.

33. National Fire disputes its primary coverage obligations to the Church and Northbrook with respect to the claims at issue in the Underlying Action.

34. The Church and Northbrook are additional insureds under the Merchants policy.

35. The additional insured coverage provided to the Church and Northbrook under the Merchants policy must be exhausted prior to the implication of coverage under the Travelers and Ohio Casualty policies.

36. Upon information and belief, Merchants has or will dispute its obligations to the Church and Northbrook with respect to the claims at issue in the Underlying Action.

37. An actual controversy currently exists between Ohio Casualty, National Fire, Merchants and SIF with respect to the defense and indemnification of the Church and Northbrook in the Underlying Action.

### AS AND FOR A FIRST CAUSE OF ACTION
(The Additional Insured Coverage Provided to the Church and Northbrook by the National Fire Policy is Primary to the Coverage under the Travelers Policy and Ohio Casualty Policy)

38. Ohio Casualty repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "37" as though fully set forth at length herein.

39. Pursuant to the terms and conditions of the National Fire policy, National Fire is under an obligation to provide primary coverage to the Church and Northbrook in connection with the Underlying Action, prior to the implication of coverage under the Travelers and Ohio Casualty policies.

40. National Fire is obligated to defend and indemnify the Church and Northbrook on a primary basis with respect to the Underlying Action, but has failed and/or refused to do so.

41. The coverage provided by Travelers and Ohio Casualty is excess to, *inter alia*, any other primary insurance affording coverage to the Church and Northbrook for the claims at issue in the Underlying Action, including the National Fire policy.

42. Ohio Casualty is entitled to judgment in the form of a declaration that its obligations, if any, under the Ohio Casualty policy, with respect to the defense and indemnification of the Church and Northbrook in the Underlying Action, are excess to those of National Fire, and that National Fire has, and at all relevant times has had, an immediate duty to defend and indemnify the Church and Northbrook under the terms of the National Fire policy as additional insureds with respect to the claims in the Underlying Action.

43. Ohio Casualty has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
(To the extent that Northbrook is Found Liable For Negligence Beyond Its General Supervision, National Fire Must Still Provide Northbrook with a Defense and Indemnification as An Additional Insured Notwithstanding the Terms of the National Fire Additional Insured Endorsement)

44. Ohio Casualty repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "43" as though fully set forth at length herein.

45. Pursuant to New York law, a finding of negligence on the part of Northbrook does not preclude National Fire's duty to defend and indemnify Northbrook as an additional insured, and there is coverage for Northbrook's independent liability because Northbrook's negligent acts/omissions, if any, arose out of Bortech's operations.

46. Northbrook is entitled to a defense and indemnification as an additional insured even in the event it is held partly responsible for the plaintiff's injuries, beyond its general supervision, because Northbrook's negligent acts/omissions, if any, arose of out Bortech's operations.

47. National Fire is obligated to defend and indemnify Northbrook on a primary basis for its liability beyond its general supervision with respect to the Underlying Action, but has failed and/or refused to do so.

48. Ohio Casualty is entitled to judgment in the form of a declaration that its obligations, if any, under the Ohio Casualty policy, with respect to the defense and indemnification of Northbrook in the Underlying Action, are excess to those of National Fire, and that National Fire has, and at all relevant times has had, an immediate duty to defend and indemnify Northbrook under the terms of the National Fire policy as an additional insured with respect to the claims in the Underlying Action.

49. Ohio Casualty has no adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION**
(The National Fire Policy and the Merchants Policy Must Provide Coverage for
Northbrook's Claims of Contractual Indemnification against Bortech
in the Third Party Action)

50. Ohio Casualty repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "49" as though fully set forth at length herein.

51. Notwithstanding the terms of the Contractual Liability Limitation Endorsement of the National Fire policy, National Fire and Merchants are under an

obligation to provide coverage for Northbrook's claims of contractual indemnification against Bortech in the Third Party Action.

52. Ohio Casualty is entitled to judgment in the form of a declaration that National Fire and Merchants have, and at all relevant times had, a duty to provide coverage for Northbrook's claims of contractual indemnification notwithstanding the terms of the Contractual Liability Endorsement of the National Fire policy.

53. Ohio Casualty has no adequate remedy at law.

### AS AND FOR A FOURTH CAUSE OF ACTION
(The SIF Policy and the Merchants Policy Must Provide Coverage for Northbrook's Claims of Common Law Contribution/Indemnification against Bortech in the Third Party Action)

54. Ohio Casualty repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "53" as though fully set forth at length herein.

55. To the extent that Northbrook is successful on its claim for common law indemnification/contribution, the SIF should respond first, with the Merchants policy to follow with unlimited coverage.

56. In light of the fact that the Schedule of Underlying Insurance of the Merchants policy includes the SIF Employers Liability coverage and references an applicable limit of $100,000, Merchants' coverage will be implicated upon SIF's payment of $100,000 and Merchants will be responsible to provide unlimited coverage from that point.

57. Ohio Casualty is entitled to judgment in the form of a declaration that SIF and Merchants have, and at all relevant times had, a duty to provide coverage for Northbrook's claims of common law contribution/indemnification.

58. Ohio Casualty has no adequate remedy at law.

WHEREFORE, Ohio Casualty demands judgment as follows:

(a) That this Court determine and declare that National Fire is obligated to defend and indemnify the Church and Northbrook with respect to the Underlying Action on a primary basis and, further, that any obligations otherwise owed by Ohio Casualty with respect thereto are excess to those of National Fire;

(b) That this Court determine and declare that National Fire is obligated to defend and indemnify the Church and Northbrook with respect to the Underlying Action on a primary basis for any and all liability of Northbrook beyond its general supervision and, further, that any obligations otherwise owed by Ohio Casualty with respect thereto are excess to those of National Fire;

(c) That this Court determine and declare that National Fire and Merchants are obligated to provide coverage for Northbrook's claims of contractual indemnification against Bortech in the Third Party Action;

(d) That this Court determine and declare that SIF and Merchants are obligated to provide coverage for Northbrook's claims of common law contribution/indemnification against Bortech in the Third Party Action;

(e) That Ohio Casualty be awarded the costs and disbursements of this action; and

     (f)    That Ohio Casualty shall have such other, further and different relief as the Court may deem just and proper.

DATED: Garden City, New York
August 11, 2008

_____
JILLIAN MENNA (JM 5708)